**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-22154-CV-WILLIAMS**

RAZIEL OFER,

     Plaintiff,

v.

ATTORNEY GENERAL FOR THE
UNITED STATES OF AMERICA,

     Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Ellen F. D'Angelo's Report and Recommendations (DE 44) ("***Report***") on Defendant's Motion to Dismiss Plaintiff's Initial Complaint (DE 20) ("***Motion***"). In the Report, Judge D'Angelo recommends granting the Motion for lack of subject matter jurisdiction. (DE 44 at 12, 19). Plaintiff filed objections to the report (DE 47) ("***Objections***")[1] to which Defendant responded (DE 53), and Plaintiff replied (DE 55). For the reasons set forth below, Judge D'Angelo's Report is **AFFIRMED IN PART**.

**I.      BACKGROUND**

     This lawsuit is one of several matters instituted by Plaintiff in this Court.[2] (DE 44

---

[1] The Court notes that Plaintiff's 68-page objection to the Report violates S.D. Fla. Mag. J. R. 4, which states, "no party shall file any objections or responses to another party's objections exceeding twenty pages in length." S.D. Fla. Mag. J. R. 4(a)(1).

[2] Plaintiff presently has six pending cases in this district. *See Ofer v. 1434 Collins, LLC et al.,* No. 26-CV-20561 (S.D. Fla. Jan 27, 2026); *Ofer v. Miami Dade Property Appraiser's Off. et al.*, No. 26-CV-20292 (S.D. Fla. Jan. 15, 2026); *Ofer v. Scales, III et al*., No. 25-CV-26133, (S.D. Fla. Dec. 29, 2025); *Ofer v. Ruiz*, No. 25-CV-26134 (S.D. Fla. Dec. 29, 2025); *Ofer v. Attorney Gen. for the United States of America*, No. 25-CV-22154 (S.D.

at n.7) (noting Plaintiff's open cases in this district and the contents of a show cause order issued by the Florida Third District Court of Appeal which resulted in Plaintiff being barred from filing in the Third DCA absent review and signature of a member in good standing of the Florida bar). In this suit, Plaintiff names United States Bankruptcy Judge Laurel Isicoff ("**Bankruptcy Judge**") and sues the United States as her employer. (DE 1 "**Complaint**"). Plaintiff asserts three causes of action: Negligence (Count I), Civil Rights Violations of Title VI (Count II), and Negligent Retention (Count III).

The Complaint alleges that Plaintiff is the subject of litigation in Florida due to his real estate business and several third parties moving to enforce alleged liens and encumbrances against his properties. (*Id*. at ¶ 3). As a result of the mounting suits, Plaintiff filed petitions for reorganization of two entities in the United States Bankruptcy Court for the Southern District of Florida. (*Id*. at 4–6). Plaintiff alleges that "several private actors . . . conspired to cause the appointment of a very specific judge to become appointed to preside over the matters in the bankruptcy court prior to the petitions being filed." (*Id*. at 7). Plaintiff further alleges that the Bankruptcy Judge conspired with Barry S. Mukamal "to cause the loss of property through conduct which was based upon the race, ethnicity and religion of the Plaintiff as he is Jewish." (*Id*. at 9–10). The Complaint states that the Bankruptcy Judge was presented with antisemitic affidavits and a voice recording discussing the Bankruptcy Judge's appointment over the bankruptcy matters, which were allegedly ignored by the Bankruptcy Judge. (*Id*. ¶¶ 12–15). Moreover, as part of the alleged conspiracy, Plaintiff accuses the Bankruptcy Judge of receiving a "$2M bribe for her role in this criminal conspiracy." (*Id*. ¶ 20).

---

Fla. May 8, 2025); *Ofer v. Isicoff*, No. 23-CV-24738 (S.D. Fla. Dec. 13, 2023).

Defendant moved to dismiss the Complaint, arguing that the Court lacks subject matter jurisdiction and Plaintiff failed to state a claim. (DE 20). Upon careful review of the Report, the Objections, the record, and applicable law, the Motion is now ripe for resolution.

## II.      LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). Under the Southern District of Florida Local Rules, objections must also cite to the relevant supporting legal authority. S.D. Fla. Mag. J. R. 4(a). When a party timely objects to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) comes in two forms." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks require the court to consider whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, "and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. at 1529. Conversely, "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (quotations omitted).

 "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## III.    DISCUSSION

Although Plaintiff timely filed objections to the Report[3], they do not set forth specific matters in dispute and are not supported by "statutory, rule, or case authority" as required by the Southern District of Florida Magistrate Judge Rules. S.D. Fla. Mag. J. R. 4(a). The Objections merely rehash the allegations of the Complaint, arguing that "[t]he Report and Recommendation of the Magistrate [Judge] should be denied" on two grounds: (1) "the recording of the conversation between ROIV[4] and Kalb is a genuine recording, and Plaintiff has submitted a copy of the recording with the Clerk of the Court, to be filed;" and (2) "Plaintiff has moved for leave to amend the complaint to further clarify the positions that he raises." (DE 47 at 3).

The Court is required to "make a *de novo* determination **of those portions of the report** . . . or recommendations **to which objection is made**;" however, Plaintiff's

---

[3] Plaintiff did not seek leave of Court to file his 68-page Objections in violation of the Southern District of Florida Magistrate Rules, which limits a party's objections and responses to twenty pages. *See* S.D. Fla. Mag. J. R. 4(a)(1).

[4] Throughout the Objections, Plaintiff identifies Mr. Roniel Rodriguez IV as "ROIV." (DE 47 at 2). ROIV is the Bankruptcy Judge's alleged partner in the "hate crime" against Plaintiff. (*Id.*)

objections do not specifically address the deficiencies identified in the Report. 28 U.S.C. ¶ 636 (emphasis added); *see also Taylor v. Acting Comm'r*, 761 Fed. App'x. 966, 969 n. 1 (11th Cir. 2019) (noting that "failure to object to the magistrate's factual findings after notice precludes a later attack on these findings") (citing *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988)) (quotations omitted). "District Courts in the Eleventh Circuit have reviewed those portions of a magistrate's report and recommendation to which no objection has been made for *clear error*." *Lombardo v. U.S.*, 222 F. Dupp. 2d 1367, 1369 (S.D. Fla. 2002) (emphasis added).

The Report analyzed four arguments advanced by Defendant. (DE 20; DE 44). First, Defendant argued that the Complaint is "frivolous and fantastical." (DE 20 at 2–4). Second, Defendant maintained that the Court lacks subject matter jurisdiction over Plaintiff's Title VI claim, or in the alternative, Plaintiff failed to state a violation of Title VI. (*Id*. at 4–6). Third, Defendant argued that the Court lacks subject matter jurisdiction over Plaintiff's tort claims (Count I and III). (*Id*. at 6–8). And fourth, Defendant urged the Court to dismiss the complaint for failure to state a claim for negligence (Count I) and negligent retention (Count III). (*Id*. at 8–10). Based on these assertions, Judge D'Angelo recommended (1) "that Count two be **DISMISSED** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1);" and (2) "that Counts One and Three be **DISMISSED** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." (DE 44 at 12, 19) (emphasis in original). Pursuant to 28 U.S.C. § 636(b)(1) and S.D. Fla. Mag. J. R. 4(a), the Court reviews each recommendation below and "shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." S.D. Fla. Mag. J. R. 4(a).

## A.  The Report recommends dismissal of Count II.

The Report recommends dismissal of Count II because the Court lacks subject matter jurisdiction to hear Plaintiff's claim under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.*. (DE 44 at 11–12). The Court finds Magistrate Judge D'Angelo's recommendation to dismiss Count II sound and consistent with the law. The Report correctly noted that "[s]overeign immunity is jurisdictional in nature" because, without an explicit waiver, the Federal Government and its agencies are immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Title VI does not contain an explicit waiver of the federal government's sovereign immunity, and Plaintiff does not allege facts to the contrary. *See Dorsey v. U.S. Dept. of Labor*, 41 F.3d 1551, 1554–55 ("Even if there is an implied right of action for damages under Title VI, . . . it cannot exist as against the federal government. The federal government's waiver of sovereign immunity must be "unequivocally expressed" and the statutory provision containing the expression must 'establish unambiguously that the waiver extends to monetary claims.'") (citing *United States v. Nodic Village, Inc.* 503 U.S. 30, 33 (1992)); *see, e.g.*, 43 U.S.C. § 390uu (expressly waiving sovereign immunity and noting, "[t]he United States, when a party to any suit, shall be deemed to have waived any right to plead that it is not amenable thereto by reason of its sovereignty, and shall be subject to judgments, orders, and decrees of the court having jurisdiction . . . in the same manner and to the same extent as a private individual under like circumstances"); *see also* 28 U.S.C. § 2409a ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.").

Therefore, where Defendant has not expressly waived sovereign immunity, the Court lacks jurisdiction to hear Plaintiff's Title VI claim. Accordingly, the Court adopts Magistrate Judge D'Angelo's recommendation and dismisses Count II of the Complaint for lack of subject matter jurisdiction.

### B. The Report recommends dismissal of Counts I and III.

Next, the Report recommends dismissing Counts I and III for lack of subject matter jurisdiction because the Complaint does not establish negligence or negligent retention under Florida law. The Report relies on the Federal Tort Claims Act ("**FTCA**") and concludes that "where no cognizable state law tort claim could be sustained against a private individual in like circumstances, the Court lacks subject matter jurisdiction over Plaintiff's claim under the FTCA." (DE 44 at 16).

As noted by the Report, Plaintiff's response to the motion to dismiss argued that jurisdiction is proper before this Court because Defendant purportedly "waived its sovereign immunity under two related sections of the FTCA:" Sections 1346(b) and 2674. (DE 20 at 10). However, Sections 1346(b) and 2674 similarly explain that the United States may only be liable for a tort if a private person would similarly be liable under applicable state law. *See* 28 U.S.C. §§ 1346(b)(1), 2674. Specifically, Section 1346(b)(1) states:

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission**

Page **7** of **14**

**occurred**.

28 U.S.C. § 1346(b)(1) (emphasis added). Likewise, Section 2674 provides, in relevant

part:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and **to the same extent as a private individual under like circumstances**, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674 (emphasis added).

Therefore, the Court only has jurisdiction to hear Plaintiff's claims if an analogous

cause of action under Florida law exists. *See Zelaya v. U.S.*, 781 F.3d 1315, 1323 (11th

Cir. 2015) ("[B]oth §§ 1346(b)(1) and 2674 preclude liability of the federal government

absent a showing by the plaintiff that a private individual who had acted as did the federal

employee, in like circumstances, would be liable for the particular tort under governing

state law where the tort occurred."). To be sure, "the question is not whether plaintiff

sufficiently alleges all elements of the underlying cause of action, but whether state tort

law imposes an analogous duty on private individuals in similar circumstances." *Guillermo

Antonio De Leon Serrabi v. U.S.A., et al.*, No. 3:24-cv-1212-JEP-LLL, 2026 WL 642365,

at *7 (M.D. Fla. Jan 8, 2026).

As it relates to Count 1 (Negligence), Plaintiff asserts that the United States "owed

a duty of care to Plaintiff for its employee and agent not to take actions which violate his

civil rights and engage in conduct which is based upon his race, ethnicity or religion as a

person of Jewish origin." (DE 1 ¶ 26). The correct inquiry here is "whether [Florida] tort

law imposes an analogous duty on private individuals in similar circumstances." *Serrabi*,

2026 WL 642365, at *7. Plaintiff fails to identify a single Florida analogous cause of action

where a third party must come to the aid of another to prevent a civil rights violation.

Indeed, the two Florida statutes identified by Plaintiff do not suffice as analogous state claims to create tort liability under the FTCA. (*Id.* at 16–17) (explaining that Florida Statute Sections 768.28 and 760.01 are the Florida equivalent of FTCA and Title VI, respectively, and do not create tort liability). Moreover, Under Florida law, "[n]o common law duty exists, absent special relationship, for one person to come to the aid of another or to intervene in the misconduct of a third person to prevent the possibility of harm to another." *Laskey v. Martin Co. Sheriff's Dept.*, 708 So. 2d 1013, 1014 (Fla. Dist. Ct. App. 1998). As noted in the Report, Magistrate Judge D'Angelo concluded, "[p]laintiff does not allege the existence of any special relationship that would give rise to a legal duty establishing tort liability." Accordingly, the Court does not have subject matter jurisdiction to hear Count I and adopts the Report's recommendation of dismissal.[5]

As to Count III (Negligent Retention), Florida recognizes a cause of action for negligent hiring, training, retention, supervision, or entrustment. *See Jones v. Vasilias*, 359 So. 3d 10, 14 (Fla. Dist. Ct. App. 2023) (recognizing that a claim for negligent training, retention, supervision, or entrustment can be asserted against a supervisor individually or a corporate employer). Therefore, a private person could be subjected to liability for common law negligent retention of an employee. However, the Court construes Defendant's arguments and the Report's analysis as being focused on Plaintiff's failure to state a claim. *Compare* (DE 20 at 9) ("Plaintiff fails to allege facts sufficient to maintain

---

[5] Plaintiff's failure to plead an analogous cause of action under Florida law is also a basis for dismissal under Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See Zelaya v. U. S.*, 781 F.3d 1315, 1325 (11th Cir. 2015) ("Unless Plaintiffs can identify corresponding state law duties, they have, at the least, failed to state a claim, and arguably their lapse deprives the court of even subject matter jurisdiction over the action."). However, "[w]here dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." *Boda v. U.S.*, 698 F.2d 1174, 1177 n. 4 (11th Cir. 1983).

a negligent retention Claim."), *with* (DE 44 at 19 n. 10) ("To the extent the deficiencies identified herein do not implicate the Court's subject matter jurisdiction, it is respectfully recommended that those deficiencies warrant dismissal under Rule 12(b)(6)."); *see also Serrabi, et al.*, 2026 WL 642365, at *8 (recognizing that Florida has a false imprisonment cause of action and that "[t]he United States' arguments concerning false imprisonment [were] more aptly characterized as failure to state a claim under Fed. R. 12(b)(6)" where the plaintiff asserted false imprisonment under the FTCA).

To state a claim for negligent retention, a plaintiff must plead facts to establish that the employer should have "foreseen, based on its employees' work history, that they would commit the current tort." *Bello v. Johnson*, 442 F. App'x 477, 480 (11th Cir. 2011). The underlying wrong committed by the employee "must be a common law tort." *Gutman v. Quest Diagnostics Laboratories, Inc.*, 707 F. Supp. 2d 1327, 1331–32 (S.D. Fla. 2010); *see also Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 1327, 1348 (M.D. Fla. 1999) ("Under Florida law, the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law.").

Here, the point of contention is whether Plaintiff adequately alleged an underlying tort. The Complaint specifically alleges that the United States failed to protect him from antisemitic conduct while the Bankruptcy Judge performed her official duties. (DE 1 ¶¶ 40–45). Specifically, Plaintiff states: (1) Defendant "owes a duty of care to Plaintiff for its employee and agent not to take actions which violate his civil rights and engage in conduct which is based upon his race, ethnicity or religion as a person of Jewish origin;" (2) "[t]his duty of care was not to deprive the Plaintiff of the various protections afforded

him under the constitution an laws of the United States;" (3) "Defendant failed in that duty to protect the Plaintiff from those harms in the antisemitic conduct while performing her official duties" as Defendant's employee; and (4) Defendant "became aware" of the problems with the Bankruptcy Judge's "unfitness to hold office" and failed to take action, causing harm to Plaintiff.  (DE 1 ¶¶ 40–46).

The Report found that the allegations sound in discrimination as they allude to "discriminatory conduct as the basis for Defendant's alleged negligent retention of its employee." (DE 44 at 18). Certainly, Plaintiff insists that "[t]his matter is a case or controversy where the Plaintiff has suffered a manifest injustice and grave deprivation of his civil rights . . . at the hand of antisemitic conduct of an employee" and agent of the United States. (DE 47 at 2). The Court agrees with regard to the characterization of the count sounding in discrimination and does not find this determination to be a clear error where Plaintiff alleges that the Bankruptcy Judge discriminated against him because he is "a person of Jewish origin." (DE 1 ¶ 40; DE 53 at 2).  As noted by the Report, discrimination is not recognized as a tort that can sustain a negligent retention claim under Florida law. (DE 44 at 14); *see also Mighty v. Genesis Eldercare Rehab. Servs., Inc.*, No. 18-CIV-80440, 2018 WL 5113965, at *2 (S.D. Fla. May 24, 2018) ("Harassment and discrimination are not recognized under Florida law as torts that can support a claim for negligent supervision and retention"). Therefore, Plaintiff has failed to sufficiently allege an actionable claim for negligent retention. Accordingly, the Court overrules Magistrate Judge D'Angelo's recommendation as to dismissal for lack of subject matter jurisdiction and instead dismisses Count III for failure to state a claim.

**C. The Report concludes that future amendments will be futile.**

As an initial matter, Plaintiff is well beyond his deadline to amend the Complaint under Federal Rule of Civil Procedure 15(a) as Defendant filed its Motion to Dismiss on August 28, 2025, giving Plaintiff until September 18, 2025, to Amend the Complaint as a matter of course. *See Ofer v. Isicoff*, No. 24-11542, 2025 WL 2466579, at 1–2 (11th Cir. 2025) (noting that despite the Court's "**serious doubt** that amendment would save [Ofer's] claims, . . . Ofer is entitled to amend once as a matter of course" because the motion to dismiss was granted before the twenty-one-day clock started ticking) (emphasis added). Unlike that *Ofer* case, 2025 WL 2466579, Plaintiff here is beyond the twenty-one-day period to amend under rule 15(a). Therefore, Plaintiff may only amend the Complaint with leave of Court.

The Report finds that future amendment to the Complaint would be futile because the Complaint is so "devoid of legal merit, such that even if Plaintiff incorporated the more detailed allegations from his Opposition into the Complaint," the Complaint would still fail to establish subject matter jurisdiction over Counts I and II; and Count III would still fail to state a claim upon which relief can be granted. (DE 44 at 21). The Court agrees. Amendment is futile "if an amended complaint would still fail at the motion-to-dismiss or summary-judgement stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323,1332 (11th Cir. 2020).  Here, Count II (Title VI) would fail, despite amendment, because Defendant is immune from suit as Title VI does not include an express waiver of sovereign immunity. Likewise, Count I (Negligence) would continue to fail at the dismissal stage because Plaintiff cannot identify an analogous cause of action under Florida law. And lastly, amendment to Count III (Negligent Retention) would be futile because Plaintiff's claim is grounded in discrimination which cannot support a negligent

retention cause of action.

Moreover, the Report found, and the Court agrees, that Plaintiff's claims are frivolous and unsupported as the affidavits submitted with the Complaint do not mention the Bankruptcy Judge nor do they establish her participation in the alleged conspiracy. (DE 1 at 13–14; DE 44 at 8). Similarly, the purported recording of a conversation discussing the conspiracy is unavailing. (DE 52; DE 44 at 8). As the Court noted in a separate litigation by Plaintiff against the Bankruptcy Judge, the Complaint "presents no support for these fantastical conspiracy accusations." *Ofer v. Isicoff*, No. 23-CIV-24738, DE 25 at 4–5 (S.D. Fla. Apr. 30, 2024); *see also Ofer v. Isicoff*, 2025 WL 2466579, at 2 (expressing "serious doubt" that amendment would save Ofer's claims). Accordingly, the Court finds that leave to amend would be futile.

## IV.     CONCLUSION

Based on the foregoing,  it is **ORDERED AND ADJUDGED** as follows:

1.     Judge D'Angelo's Report (DE 44) is **ADOPTED IN PART**.

2.     Counts I and II of the Complaint are **DISMISSED**. Plaintiff is **NOT GRANTED** leave to amend Count I and II as any amendment would be futile.[6]

---

[6] Because Counts I and II were dismissed for lack of subject matter jurisdiction, the Court can only dismiss without prejudice. *See Boda*, 698 F.2d at 1177 n. 4. ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds. This dismissal is without prejudice.); *see also Woodson v. Eleventh Jud. Cir. in and for Miami Dade Cnty, Fla*, 791 F. App'x 116, 119 (11th Cir. 2019) (noting that the plaintiff's "claim should have been dismissed for lack of subject matter jurisdiction, which is without prejudice, rather than failure to state a claim, which is with prejudice"). However, as Judge D'Angelo and the Court concludes, amendment would be futile. *See Woodson*, 791 F' Appx. at 119–20 (recognizing that although plaintiff's claim was dismissed without prejudice for lack of subject matter jurisdiction, the Court did not find "that the district court abused its discretion in dismissing [the] complaint without leave to amend, since . . . [the] proposed amendment . . . was

3.       Count III of the Complaint is **DISMISSED WITH PREJUDICE** as Plaintiff failed to state a claim and amendment would be futile.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>18th</u> day of March, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

futile.").